IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BOYD,<br>                Petitioner<br><br>     vs.<br><br>ROBERT SHANNON; THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>                Respondents | Civil Action No. 05-115<br>Judge Joy Flowers Conti/<br>Magistrate Judge Amy Reynolds Hay |

## **MEMORANDUM ORDER**

      After the petitioner, William Boyd, filed an action in the above-captioned case, and after a Report and Recommendation was filed by the United States Magistrate Judge granting the parties ten days after being served with a copy to file written objections thereto, the petitioner filed written objections to the Report and Recommendation in a sixty-five page document to which he attached copies of certain indictments and various sentencing forms. The petitioner in his articulate objections generally presents the same arguments raised before the Magistrate Judge. With respect to petitioner's arguments that were addressed in the Report and Recommendation the court adopts the Report and Recommendation as the opinion of the court. Two arguments raised by the petitioner, however, were not presented directly to the Magistrate Judge and will be addressed in this Memorandum Order.

      First, the petitioner seeks to invoke the case of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in order to invalidate his sentence, which he alleges to be illegal. <u>Apprendi</u>, however, affords the petitioner no relief. <u>Apprendi</u> was not decided until the year 2000. The petitioner's conviction became final on or about April 15, 1997, which is ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal in his direct appeal. <u>See</u> <u>Commonwealth v. Boyd</u>, 689 A.2d 230 (Pa.1997) (filed January 15, 1997). <u>See</u> <u>also</u> <u>Caspari v.</u>

Bohlen, 510 U.S. 383, 390 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."). Apprendi does not apply retroactively to cases on collateral review, such as this case. See, e.g., United States v. Swinton, 333 F.3d 481, 490 (3d Cir. 2003)("Because Apprendi had not been decided at the time Swinton's conviction became final, it does not apply retroactively on collateral review unless it satisfies one of Teague's two narrow exceptions" and the court in denying relief concluded that Apprendi did not satisfy either of Teague's narrow exceptions); United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003)(in the context of a first section 2255 motion, the court noted that all eight circuit courts, which have considered whether Apprendi applies retroactively to cases on collateral review pursuant to a Teague analysis, have held that it does not and declared that "we see no reason to part ways with the other circuits in this regard.").

 Second, the petitioner attacks the Magistrate Judge's conclusion that the petitioner procedurally defaulted his claim that the state trial judge was biased against him. He bases this argument on two issues. He claims first that this court cannot rely on a procedural default where 1) the trial judge addressed the merits of the claim even though the Superior Court of Pennsylvania held the petitioner's claim of judicial bias was waived and 2) where the Superior Court of Pennsylvania addressed the issue in the separate appeal of the petitioner's co-defendant. Doc. 37-1 at 49. Even if the Superior Court of Pennsylvania had addressed the issue of judicial bias on the merits in the petitioner's own appeal, as an alternative holding, if the petitioner's claim would still be found to have been procedurally defaulted. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989); Johnson v. Pinchak, 392 F.3d 551, 558 (3d Cir.

2004)("The fact that both the New Jersey trial court and Appellate Division made reference to the merits of the case as an alternative holding does not prevent us from finding procedural default."). Here, the Superior Court did not address the issue on the merits as an alternative basis; it simply held the claim to have been waived under state law.

Petitioner also asserts as a second basis for attacking the Magistrate Judge's conclusion with respect to the procedural default of his judicial bias claim that this court should address the issue because he comes within the "miscarriage of justice" exception to the procedural default doctrine. Doc. 37-1 at 50 - Doc. 37-2, 1 - 4. In order to support a "miscarriage of justice" exception the petitioner is required to show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 327 (1995)(emphasis added); United States v. Sorrells, 145 F.3d 744, 749 n.3 (5th Cir. 1998)("The 'actually innocent' standard is the same as the 'fundamental miscarriage of justice' standard, which applies "'when a constitutional violation probably has caused the conviction of one innocent of the crime.'"). Moreover, "actually innocent" means factual innocence and not just legal innocence. See Calderon v. Thompson, 523 U.S. 538, 559 (1998)("'[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.'").

In order to make a showing of "actual innocence" a petitioner

> must satisfy a two-part test in order to obtain review of otherwise procedurally barred claims. First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial. Schlup, 513 U.S. at 327-28. . . .   Second, the petitioner must establish 'that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.' Id. at 327. . . ."

Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

The miscarriage of justice test focuses on the determination of guilt by the factfinder, allegations of judicial bias in a jury trial, such as the petitioner asserts, do not address this

3

standard and thus, do not come within the miscarriage of justice exception. See, e.g., Wright v. Kyler, No. Civ.A. 03-1000, 2003 WL 22939372, *5 (E.D.Pa. Oct. 30, 2003) ("Finally, the Magistrate Judge appropriately found that whether or not bias influenced the decision of the trial judge has no bearing on whether or not Petitioner has proven his actual innocence. . . . Here, even assuming that the trial judge possessed bias, which Petitioner has not shown, such a showing does not affect Petitioner's actual innocence. While evidence of bias may raise issues of legal sufficiency, it does not present new factual evidence, upon which reasonable jurors could not convict Petitioner.")(citations omitted); cf. Villafuerte v. Stewart, 142 F.3d 1124 (9th Cir. 1998)(holding that evidence of judicial bias "does not add to or subtract from the evidence of . . . guilt" and therefore does not satisfy section 2244(b)(2)(B)). Just as the miscarriage of justice exception focuses on the jury's determination of guilt, so too does section 2244(b)(2)(B) focus on the jury's determination of guilt. The miscarriage of justice requirement that a habeas petitioner show was described in Amrine v. Bowersox, 238 F.3d at 1029: "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." That requirement may be compared to section 2244(b)(2)(B)'s requirement that the petitioner show that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Accordingly, the court concludes that the petitioner's claim of judicial bias is procedurally defaulted and is not susceptible of coming within the miscarriage of justice exception.

AND NOW this 19th day of April 2006, upon independent review of the record and

consideration of the petitioner's objections filed to the Report and Recommendation

IT IS ORDERED that the habeas corpus petition, filed pursuant to 28 U.S.C. § 2254 is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed.R.App.P.

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
United States District Judge

cc:   Honorable Amy Reynolds Hay
      United States Magistrate Judge

   William Boyd
   CL-4221
   SCI Frackville
   1111 Altamont Boulevard
   Frackville, PA 17931

   Ronald M. Wabby, Jr.
   Assistant District Attorney
   Office of the District Attorney
   401 Allegheny County Courthouse
   Pittsburgh, PA 15219